[S. F. No. 397.   Department One.—September 8, 1896.]

JOHN C. HUGHES, SPECIAL ADMINISTRATOR, ETC., OF ELIZABETH L. MOXLEY, DECEASED, RESPONDENT, v. ELIZABETH W. H. DOE, APPELLANT.

DEEDS—CANCELLATION—EVIDENCE—FINDINGS.—In an action by a surviving wife to set aside certain deeds made by her husband to another woman, *held*, upon a review of the evidence, that the findings of the lower court, that the grantee named in the deeds had only paid a consideration for the purchase of an undivided half interest in the property conveyed, was sustained.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   J. C. B. HEBBARD, Judge.

The facts are stated in the opinion.

*o*

*Edward R. Taylor,* and *A. Comte, Jr.,* for Appellant.

*John C. Hughes,* and *L. T. Hatfield,* for Respondent.

Belcher, C.—Elizabeth L. Moxley commenced this action to have two deeds of lands in the city of San Francisco, made by John S. Moxley to the defendant, vacated and set aside. The court below found the facts, and adjudged that each of the said deeds " be and the same is hereby canceled, annulled and for naught held, to the extent of an undivided one-half interest in the said real estate in said deed described." After the entry of the judgment the plaintiff, Elizabeth L. Moxley, died, and thereupon the present plaintiff, as administrator of her estate, was substituted in her place.

From the judgment entered and from an order denying her motion for a new trial the defendant appeals.

The only points made for a reversal are that the findings were not justified by the evidence, and that the decision was against law.

The evidence introduced covers about two hundred and fifty pages of the printed transcript, and it is very elaborately discussed by counsel in their briefs. No useful purpose would, however, be subserved by setting it out at length, and we shall, therefore, confine ourselves to a statement of a few of the more important matters disclosed by it.

It appears that John S. Moxley and Elizabeth L. Moxley were married in the city of Baltimore on the fifteenth day of May, 1849, and that they continued to be husband and wife so long as they both lived. Three weeks after the marriage Moxley started for California, leaving his wife in Baltimore with her mother and sister, where she continued to reside until she died. Moxley arrived in California in due time, and thereafter made his home in San Francisco most of the time until he died on the tenth day of September, 1892. In 1868 he was in Virginia City, in the state of Nevada, and became acquainted with the defendant, who was engaged in carrying on a

millinery business there.  In the month of August in
that year she became sick and confined to her bed, and
while so confined he and she entered into a contract of
marriage.  Shortly thereafter she sold out her millinery
business and was removed to San Francisco, where she
recovered from her illness, and where, in November fol-
lowing, he and she assumed marital relations with each
other.

In the winter of 1869 defendant, with some goods,
went to Salem, Oregon, and opened a milinery store
there.  Thereafter she carried on the millinery business
in Salem until the spring of 1878, when she closed it
out and went to Portland, Oregon, where she engaged in
a like business and carried it on for about a year and a
half.  She then sold out her interest in the business for
$8,000, and returned to San Francisco, where Moxley
and she thereafter lived together as husband and wife.

While defendant was living in Salem and Portland she
sent all her earnings to Moxley, and he bought goods as
she needed them and forwarded them to her.  She also
visited Moxley a few times at San Francisco, and he
visited her a few times at her place of business.

During the last twenty-five years of his life Moxley
had many real estate transactions in the city of San
Francisco.  He bought, mortgaged, and sold, sundry
pieces of real property.  Among such transactions were
the following:

On March 9, 1867, there was conveyed to him a lot
of land one hundred and twenty feet by one hundred
and nine feet in extent, situate at the northeasterly cor-
ner of McAllister street and Van Ness avenue, for the
expressed consideration of six thousand dollars.  On
August 1, 1891, there was conveyed to him a block of
land bounded by Silver avenue, Silliman, College, and
University streets, and known as block sixty-nine of
the University Mound survey, for the expressed con-
sideration of three thousand five hundred dollars.  On
November 29, 1878, Moxley conveyed to Elizabeth W.
Harrington, that being defendant's maiden name, the

lot situate at the corner of McAllister street and Van Ness avenue, and other property, for the expressed consideration of eight thousand dollars, and on May 1, 1880, he conveyed to her by the same name another piece of property for the expressed consideration of one thousand dollars. The first of these deeds to defendant was recorded April 24, 1880, and the last on the day of its date. On May 17, 1880, Elizabeth W. Harrington reconveyed to Moxley the lot at the corner of McAllister street and Van Ness avenue, and also that described in the last-named deed, for the expressed consideration of two thousand five hundred dollars. On August 15, 1889, Moxley executed to Elizabeth W. Moxley a deed of the lot situate at the corner of McAllister street and Van Ness avenue, and on August 1, 1891, he also executed to her a deed of the block bounded by Silver avenue, Silliman, College, and University streets. These deeds were acknowledged on the day of their dates, and in each of them the grantee was named as the wife of the grantor, and both purported to be made " for and in consideration of the love and affection which the said party of the first part has and bears unto the said party of the second part, as also for the better maintenance, support, and protection of the said party of the second part." The said deeds were not recorded until about ten hours after Moxley died, when they were filed for record by defendant; and they are the deeds sought to be canceled and set aside in this action.

When Moxley died, he left no property other than that in controversy here, but defendant had other property. The plaintiff claimed that she was the lawful wife of Moxley; that the property in controversy was their community property; and that the said deeds were made to fraudulently deprive her of her community rights.

On the other hand, the defendant claimed that from the time Moxley and she assumed marital relations in November, 1868, she believed she was his lawful wife; that she thereafter lived with him and cared for him as

a true and faithful wife; that she worked and made money which was used in making improvements on the McAllister street property, and in paying street assessments, taxes, and other expenses thereon; that the Silver avenue property was bought and paid for solely with money made by her in her business; and that the said deeds were executed in good faith and without any fraudulent intent, on the part of Moxley or herself, to deprive the plaintiff of any rights whatever.

The court, among other things, found that the plaintiff was the widow of John S. Moxley; that the defendant was not the widow of said Moxley; that she was never married to him, and that her true name was Elizabeth W. Harrington; "that the defendant in the lifetime of said John Smith Moxley, rendered to him such services, and performed such duties as ordinarily devolve upon a wife, which she believed herself to be, and she at divers times paid to decedent sums of money arising from her efforts in business ventures; that all of the services so rendered, and the total sum of such payments were sufficient to constitute a valuable consideration for the purchase of an undivided one-half interest in the property above described as conveyed to her, but no more." And as conclusions of law, the court, among other things, found: "That plaintiff is now, and at all times since the tenth day of September, 1892, has been entitled to the possession of an undivided one-half of the property hereinbefore described as the tenant in common with defendant."

Without stating the case more fully, it seems enough to say that, in our opinion, the judgment cannot be reversed for want of evidence to justify the findings. It is true there is nothing in the record to show how much money was paid to Moxley by defendant, and perhaps it would have been impossible to make such showing. Still, the burden was upon the defendant to show an adequate consideration for the deeds, and it was the province of the court to weigh the evidence and deter-

mine its effect. It attempted to do so, and we cannot say that its conclusions were wrong.

We see no valid ground to support the contention that the decision was against law. The findings. are very complete, and they cover all of the material issues raised by the pleadings.

We advise that the judgment and order be affirmed.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

VAN FLEET, J., GAROUTTE J., HARRISON, J.

Hearing in Bank denied.